THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ERNEST PERRY, Defendant-Appellant.

Fifth District   No. 5—88—0549

Opinion filed July 2, 1992.

Daniel M. Kirwan and John T. Hildebrand, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

William R. Haine, State's Attorney, of Edwardsville (Kenneth R. Boyle, Stephen E. Norris, and Raymond F. Buckley, Jr., all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HARRISON delivered the opinion of the court:

Following a jury trial in the circuit court of Madison County, defendant, Ernest Perry, was convicted of two counts each of murder (Ill. Rev. Stat. 1985, ch. 38, par. 9—1(a)) and home invasion (Ill. Rev. Stat. 1985, ch. 38, par. 12—11(a)(2)) in connection with the stabbing deaths of Alvin Autery and Mary Irwin. The circuit court denied defendant's post-trial motions and imposed concurrent sentences of imprisonment for natural life without parole on each of the murder convictions and 30 years' imprisonment on each of the home invasion counts.

We reversed and remanded for a new trial on the grounds that the circuit court had erred in refusing to suppress defendant's confession. (*People v. Perry* (1990), 205 Ill. App. 3d 655, 563 N.E.2d 1144.) Our judgment was, in turn, reversed by the Illinois Supreme Court under authority of *McNeil v. Wisconsin* (1991), 501 U.S. 171, 115 L. Ed. 2d 158, 111 S. Ct. 2204, which was decided after our opinion was issued. (*People v. Perry* (1992), 147 Ill. 2d 430, 490 N.E.2d 454.) In reversing our judgment, the supreme court remanded the cause to us for consideration of the remaining arguments raised by defendant which we had no occasion to reach in our previous disposition. Those arguments are (1) whether defendant's sentences of natural life imprisonment on the murder convictions violated his rights under the eighth amendment to the United States Constitution (U.S. Const., amend. VIII) and article I, section 11, of the Illinois Constitution of 1970 (Ill. Const. 1970, art. I, §11), and (2) whether defendant is entitled to a new hearing on his *pro se* post-trial motion. For the reasons which follow, we must answer each of these questions in the negative. We therefore affirm.

Defendant was sentenced to terms of natural life imprisonment pursuant to section 5—8—1(a)(1)(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(a)(1)(c)), which mandates an automatic natural life sentence for first-degree murder where, as here, the defendant is found guilty of murdering more than one victim. Defendant contends that this sentencing provision should not have been applied to him because he did not commit the actual murders but was instead found guilty on the theory of accountability (Ill. Rev. Stat. 1985, ch. 38, pars. 5—1, 5—2). He argues that his culpability was qualitatively different from that of the actual murderer, and that to automatically impose a natural life sentence on him as if he were the actual murderer without taking into account his personal circumstances and the particular circumstances of the offense contravenes both the eighth amendment to the United States Constitution (U.S. Const., amend. VIII) and article I, section 11, of the Illinois Constitution of 1970 (Ill. Const. 1970, art. I, §11).

The State disputes that defendant's convictions were premised on accountability. At trial, accountability was only one of two alternative theories on which the convictions were sought. The jury also heard evidence and argument and was instructed on the theory that defendant was the principal offender, *i.e.*, that he murdered the victims himself. Which of these theories the jury adopted is unclear, for it returned only general verdicts finding defendant guilty of the Autery and Irwin murders. This, however, is of no consequence, for even if

we accept defendant's argument that his convictions were based on accountability, his constitutional arguments would fail.

■■ The mandatory natural life sentence for multiple murders specified by section 5—8—1(a)(1)(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(a)(1)(c)) is not limited only to those found guilty as principal offenders. It is also validly applied where guilt is based on accountability (*People v. Foster* (1990), 198 Ill. App. 3d 986, 998-99, 556 N.E.2d 1214, 1222-23), and it has been upheld against State and Federal constitutional challenges even where the defendant's convictions were based on accountability. (198 Ill. App. 3d at 1000-01, 556 N.E.2d at 1224.) Defendant has not persuaded us that we should reach a contrary conclusion here.

We turn then to defendant's argument regarding his *pro se* post-trial motion. Defendant contends that he is entitled to a new hearing on that motion because the circuit court failed to examine the factual matters underlying a claim he made therein that he was denied effective assistance of counsel. This argument is untenable. We agree that where a defendant presents a post-trial motion alleging ineffective assistance of counsel, the trial court should examine the factual matters underlying the claim. (*People v. Washington* (1989), 184 Ill. App. 3d 703, 711, 540 N.E.2d 1014, 1019.) In this case, however, defendant is not in a position to complain that this obligation was not met.

■■ The record plainly shows that a hearing was held which considered not only defendant's *pro se* post-trial motion, but also a post-trial motion filed by his attorney. Defendant was present while his attorney presented arguments on those motions. Although the attorney did not argue the ineffective assistance of counsel point, he did advise the court at the conclusion of his argument that defendant had filed his own *pro se* motion. The circuit court then gave defendant the opportunity to address the arguments raised by that motion. The defendant expressly declined that opportunity. He offered nothing as to his ineffective assistance of counsel claim, and he has pointed to no impediment which prevented him from doing so. Under the circumstances, we fail to see how the circuit court can be faulted for not inquiring further into the facts underlying the claim. Given defendant's conduct at the hearing, we deem the claim to have been abandoned.

For the foregoing reasons, the judgment of the circuit court of Madison County is affirmed.

Affirmed.

RARICK and W. LEWIS, JJ., concur.