Michael G. **BARGER**, Petitioner–Appellant,

v.

**STATE OF INDIANA**, Respondent–Appellee.

No. 92–3032.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 16, 1993.

Decided April 13, 1993.

F. Allen Tew, Jr. (argued), Indianapolis, IN, for petitioner-appellant.

Wayne E. Uhl, Deputy Atty. Gen. (argued) and Ronald J. Semler, Asst. Atty. Gen., Office of the Atty. Gen., Federal Litigation, Indianapolis, IN, for respondent-appellee.

Before BAUER, Chief Judge, FLAUM, Circuit Judge, and WILL, Senior District Judge.*

BAUER, Chief Judge.

Michael Barger, the principal of Robey Elementary School, molested one of his students during the winter months of the 1987–88 school year. He was convicted of child molesting under Indiana Code § 35–42–4–3(d) (1985) [1] by a jury and sentenced to three years imprisonment. Barger petitioned the district court for habeas relief under 28 U.S.C. § 2254. He asserts that his conviction violates the Constitution because the state did not prove beyond a reasonable doubt that his victim was twelve years old at the time of the attack. The district court denied his petition. For the following reasons, we affirm.

* The Honorable Hubert L. Will, Senior Judge of the United States District Court for the Northern District of Illinois, is sitting by designation.

1. This statute provides:
   A person sixteen (16) years of age, or older who, with a child twelve (12) years of age or

### I. Background

The following facts, taken in the light most favorable to the state, are drawn principally from the Supreme Court of Indiana's opinion in Barger's direct appeal. *See Barger v. State*, 587 N.E.2d 1304 (Ind. 1992). The evidence revealed that Barger invited a female sixth-grade student to sit on his lap, and placed her hand outside his clothing on his penis. This incident occurred right around her twelfth birthday, which was February 22, 1988. She did not tell anyone about the attack until February 1989.

The bulk of the government's evidence about the time of the molestation came from child witnesses. The victim testified that she visited Barger's office twice during the winter months of the 1987–88 school year to complain about a boy's teasing. During one of these visits Barger molested her. The victim could not remember precisely when she visited Barger's office or whether she was molested during the first or second visit. The boy who was the subject of the victim's complaint testified that he was called down to the principal's office in the spring. Trial Transcript ("Tr.") at 269. The victim's father testified that he noticed changes in his daughter's behavior near the end of sixth grade.

Because of the circumstances, it is not entirely clear whether the victim was eleven or twelve at the time of the molestation. This fortuity is the basis of Barger's constitutional challenge.

Indiana law makes it a felony to molest children under the age of sixteen. *Barger*, 587 N.E.2d at 1306. If the child is less than twelve, the offense is a class C felony punishable by six years imprisonment. Ind.Code § 35–42–4–3(b). If the child is between twelve and fifteen, the offense is a class D felony. Ind.Code § 35–42–4–3(d).

older but under sixteen (16) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a class D felony.

Barger was convicted of the less serious class D felony. Barger argues that the victim's age is an element of the offense of child molesting as defined by § 35–42–4–3(d), and the state's failure to prove that his victim was twelve renders his conviction unconstitutional under the Due Process Clause of the Fourteenth Amendment.

This argument persuaded the Indiana Court of Appeals, and it found that the evidence of the victim's age was insufficient, and reversed Barger's conviction. *Barger v. State*, 576 N.E.2d 621 (1991). The Supreme Court of Indiana reversed the Court of Appeals and affirmed Barger's conviction. *Barger*, 587 N.E.2d at 1306. The Indiana Supreme Court explained that the Indiana legislature has traditionally punished sexual offenses against younger children more harshly than those committed against older children. But the court also explained that it has concluded "that time is not of the essence in the crime of child molesting" because it is difficult for children to remember specific dates. *Id.* at 1307. This difficulty is increased because children often do not report the incidents immediately. *Id.* at 1307 (citing *Hodges v. State*, 524 N.E.2d 774 (Ind.1988)). Because of these difficulties, the exact date is important only when the victim's age at the time of the offense falls at or near the dividing line between classes of felonies. Further, the court reasoned:

> [I]t is inconceivable that the legislature intended ... to absolve defendants who molest children around their twelfth birthdays such that it is impossible to tell whether the victim was eleven or twelve at the time of the offense.... It is beyond question that Barger's victim was under sixteen years of age, as required for the ·class D felony. To read Ind.Code § 35–42–4–3 as providing no protection to a victim who was molested around her twelfth birthday would render the statute absurd....

*Barger*, 587 N.E.2d at 1307. For these reasons, the court held that as a matter of legislative intent and Indiana law, when it is difficult to tell whether a molested child was eleven or twelve when the offense occurred, it is sufficient to charge and con-

vict the defendant of the lesser, class D felony. The court stated that "the essence of the child molesting statute is that the victim be younger than some age—under sixteen or under twelve years old. There was proof beyond a reasonable doubt that the victim was under sixteen years of age at the time of the offense." *Id.* at 1308.

Barger filed a habeas action and renewed his arguments in the district court. He contended that the Indiana Supreme Court's ruling contravened Indiana law and violated the Due Process Clause of the Fourteenth Amendment. The district court correctly noted in its holding that states have the final word on the meaning of their laws, and claims that a state court has erroneously interpreted state law are not cognizable in habeas actions. *Barger v. State of Indiana*, No. I.P. 92–842–C, slip op. at 4 (S.D.Ind. Aug. 13, 1992). The district court also found Barger's Fourteenth Amendment claims to be without merit. *Id.* at 5–8.

On appeal, Barger renews his Fourteenth Amendment claims. Although not artfully presented, in essence he argues that his conviction violates the Due Process clause because: every element of the crime with which he was charged was not proven beyond a reasonable doubt; he was convicted of a charge not made; and the Indiana Supreme Court's construction of Indiana law permitted a variance between the charge and the proof, and sanctioned his conviction without proof beyond a reasonable doubt of each element of the offense.

## II. Analysis

State courts are the final arbiters of state law. *Martin v. Ohio*, 480 U.S. 228, 107 S.Ct. 1098, 94 L.Ed.2d 267 (1987); *McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986); *Fagan v. Washington*, 942 F.2d 1155 (7th Cir.1991). Federal courts do not reexamine state court determinations of state law questions. *Estelle v. McGuire*, —— U.S. ——, ——, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991). The Indiana Supreme Court held that as a matter of state law, a person who molests a child under age sixteen is

guilty of a class D felony. *Barger v. State,* 587 N.E.2d at 1308. Of course there are constitutional limits to a state's ability to define criminal conduct. *Robinson v. California,* 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962) (state may not criminalize drug addiction); *Papachristou v. City of Jacksonville,* 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972) (state statute must provide fair notice to ordinary citizen of conduct which it forbids). But it is not unconstitutional for a state to criminalize the sexual molestation of children under age sixteen.

There are also limits on a state's ability to shift the burdens of proof and persuasion to criminal defendants, *McMillan,* 477 U.S. at 85, 106 S.Ct. at 2415 (quoting *Patterson v. New York,* 432 U.S. 197, 211 n. 12, 97 S.Ct. 2319, 2327 n. 12, 53 L.Ed.2d 281 (1977)), although the limits of that ability are not entirely clear. *Compare Martin v. Ohio,* 480 U.S. 228, 107 S.Ct. 1098, 94 L.Ed.2d 267 (1987) (upholding constitutionality of Ohio law requiring murder defendant to prove affirmative defense of self defense to aggravated murder charge) *and Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977) (upholding against due process challenge New York law placing burden on murder defendants to prove affirmative defense of extreme emotional disturbance) *with Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975) (Maine statute requiring defendant to prove he acted in heat of passion to reduce homicide charge to manslaughter unconstitutional). But Indiana has not shifted any burden of persuasion to Barger.

■ Barger argues that he cannot be convicted of child molesting unless the state proves the victim's precise age beyond a reasonable doubt. He does not contest that the state proved beyond a reasonable doubt that the child was under sixteen and that he molested her.[2] He argues only that his due process rights were violated because the state did not prove beyond a reasonable doubt that the victim was a twelve year old rather than an eleven year old. But he points to no prejudice or impairment in his ability to prepare his defense. *Cf. Bae v. Peters,* 950 F.2d 469, 478 (7th Cir.1991) (Due process requires that "a criminal defendant must receive adequate notice of the charges against him so that he may defend himself against those charges. A vague indictment ... or a last-minute change in the charge could prejudice a defendant's opportunity to defend himself; if that prejudice is severe enough, a due process violation could occur.").

In this case neither the charge nor the alleged facts changed. The state could have charged him with molesting an eleven year old (the more serious class C offense), but Barger received the benefit of a lenient charge. At oral argument, counsel could not explain how Barger had been prejudiced by the lenient charge. Indeed, we find it difficult to imagine how a defendant could be prejudiced by being charged with a less serious offense, or what difference it could have made to Barger's defense. Barger contends that the ambiguity about the child's age broadened the scheme with which he was charged. But the fact remains that he was charged and convicted of molesting one young child on a single occasion.

Barger does not explain how his defense would have differed had he been charged with "molesting a child less than sixteen" instead of being charged with "molesting a child between twelve and fifteen." For this reason, any alleged or imagined variance between the offense charged and the offense of conviction cannot constitute a constitutional violation. *United States v. Napue,* 834 F.2d 1311, 1333 (7th Cir.1987) (Defendant's variance claim cannot succeed "because [he] has failed to demonstrate, as he must, that any variance between the indictment and the proof had a substantial and injurious effect on the case's outcome."). Nothing in the record suggests

---

**2.** For this reason, we find Petitioner's references to the "purported victim" in his briefs and at oral argument repugnant. Petitioner molested a child; the legal status of the petitioner's conviction does not alter the physical reality of his actions.

that the state manipulated the elements of the crime in this case to avoid the requirements of *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) (every fact necessary to constitute crime charged must be proven beyond reasonable doubt) and *Mullaney* (same), as those cases have been interpreted in *Patterson* and *Martin*. We simply can find no way in which Barger's due process rights have been violated.

In fact, we find this case analogous to *Combs v. State of Tennessee*, 530 F.2d 695 (6th Cir.), *cert. denied*, 425 U.S. 954, 96 S.Ct. 1731, 48 L.Ed.2d 198 (1976). Combs was charged with rape and felonious carnal knowledge of his eleven year old daughter. The jury convicted him of rape. Combs challenged his conviction in a habeas action, alleging that his conviction was unconstitutional because under state law, any sexual assault on a female under twelve was termed "felonious carnal knowledge," not "rape." *Id.* at 698. The Sixth Circuit disagreed. State law provided that carnal knowledge of a female under twelve was punishable "as in the case of rape," and the jury found Combs guilty of a sexual crime against his eleven year old daughter. *Id.* His rape conviction was, therefore, constitutional. As in this case,

> The identity of the victim was clear. The nature of the crime was clear. The record demonstrates conclusively that Combs was neither surprised, mislead nor prejudiced in any way by the language of the indictment and statutes, or by the language in the verdict of the jury. It is not correct to say that the rape of a child was not a crime in Tennessee at the time of the conviction of Combs.

*Id.* at 698–99. We find the Sixth Circuit's reasoning applicable here, and see no reason to depart from it.

▬ Moreover, even without the state supreme court's clarification of Indiana law, we agree with the district court that adequate evidence supports the jury's determination that the requirements of § 35–42–4–3(d) were satisfied. *Barger v. State of Indiana*, No. I.P. 92–842–C, slip op. at 8. When a petitioner in a habeas action challenges the sufficiency of the evidence, our task is to determine whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). We believe the state presented sufficient evidence to convince a rational trier of fact that the victim was twelve when Barger molested her. "The prosecution [is] not under a duty to rule out all readings of the evidence other than that accepted by the trier of fact in finding the defendant guilty beyond a reasonable doubt." *Balfour v. Haws*, 892 F.2d 556, 566 (7th Cir.1989).

Steve Amos, the boy the victim visited Barger to complain about, testified that he was called down to Barger's office in the "springtime" of 1988. Tr. at 269. Amos also testified that he was only called to the principal's office once, and Barger made him apologize to the victim during that visit. Tr. at 270–71. The victim testified that she visited Barger's office twice. Tr. at 218–20. She stated that Barger called Amos down to apologize to her during the visit when he molested her. Tr. at 218. She also testified that Amos only apologized once. Tr. at 220. The jury could have relied upon this testimony to place the molestation in the "springtime" of 1988, making the victim twelve years old when she was attacked. The children's stories are not entirely consistent: Amos said he thought other girls were also called into the office when he apologized to the victim, Tr. at 270; the victim thought the girls were present during another visit. Tr. at 219. One of the other girls testified that when they visited Barger's office he saw each of them alone, Tr. at 271, so the victim was alone with Barger during each visit. Barger himself could not remember that any of the children other than Amos visited his office at all in 1988, Tr. at 450, 459, so the discrepancies in the children's stories are not surprising. The victim's father testified that her behavior changed at the end of sixth grade. Tr. at 315.

These inconsistencies are not, as Barger contends, fatal to the state's case. A ra-

tional trier of fact could have determined that Barger molested the victim during the spring of 1988. The discrepancies between the children's stories merely affect their relative credibility and probative value. Their significance is purely a matter for the jury. *Chandler v. Richards*, 935 F.2d 915, 918 (7th Cir.1991). *Chandler* also involved conflicting witness accounts, and we reiterated that "the jury—not this court—determines the credibility of the testimony of the witnesses, including the victim." *Id.* at 918. We find that a rational jury could have found that the victim was twelve years old when Barger molested her.

### III.

For the foregoing reasons, the judgment of the district court is affirmed.