9 F.3d 1549
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William Charles HECK, Petitioner-Appellant,
v.
Daniel R. MCBRIDE, Respondent-Appellee.
 No. 92-2570.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 26, 1993.[1]
Decided Nov. 9, 1993.
 
 Before POSNER, Chief Judge, RIPPLE and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Petitioner sought a writ of habeas corpus, 28 U.S.C. § 2254, attacking the sufficiency of the evidence establishing his guilt under Indiana law for burglary and theft, and his adjudication as an habitual offender. The Indiana trial court sentenced petitioner to a two-year prison term for theft, a concurrent five-year prison term for burglary, and an additional 20-year prison term as an enhanced sentence. The district court denied the habeas petition, and petitioner appeals, contending that there was no evidence that he intended to commit theft; and no evidence that a "breaking" occurred in order to support the burglary conviction.[2]
 
 
 2
 The jury heard evidence that petitioner conspired with a corporation's security guard, another of the corporation's employees, and a third man, to commit the crime. The security guard opened the gate when petitioner and the two other men arrived at 10:00 p.m. on a Sunday night driving a truck with the headlights doused. The men loaded the truck with copper. The guard let them out through the gate, and one hour later petitioner and the two men returned, repeated the entire scenario, and stole another load of copper. Four days later, petitioner and one of his companions sold 9,400 pounds of copper. Petitioner presented the jury with the defense that he had the security guard's and the company's consent to salvage the surplus copper. The jury believed the state's evidence, and disbelieved the defense. It is not the province of the federal habeas court to redetermine credibility of witnesses or to reweigh conflicts in the evidence. See Chandler v. Richards, 935 F.2d 915, 918 (7th Cir.1991). The evidence here, when viewed in a light most favorable to the prosecution, was more than sufficient to support the jury's verdict finding that petitioner was guilty of theft beyond a reasonable doubt, as the jury obviously did not believe that petitioner had no intent to steal; and to support the jury's finding that the physical acts involved constituted a "breaking" under the Indiana statute defining burglary.[3] See Jackson v. Virginia, 443 U.S. 307, 326 (1979).
 
 
 3
 In regard to the habitual offender finding, petitioner argues that the evidence failed to show that a 1966 conviction in Tennessee was a felony. The submitted documents indicated the conviction was for "possessing burglary tools" or "carrying burglary tools." The Tennessee Code refers to "carrying burglarious instruments" as a "felony" which is punishable by "confinement in the penitentiary for a period of not less than one (1) year nor more than ten (10) years." Tenn.Code Ann. § 39-908 (1966). Petitioner was sentenced to "not less than one year nor more than one year" in the state penitentiary. The relevant Tennessee statute indicates that a felony is "punished by imprisonment in the penitentiary" while a misdemeanor is "punished by fine or imprisonment in the county jail or workhouse." Tenn.Code Ann. § 39-103 (1966). We agree with the Indiana Court of Appeals that any difference between "possessing" and "carrying" is insufficient to transform a crime clearly treated as a felony by the state of Tennessee into a misdemeanor.
 
 
 4
 Other arguments raised by petitioner were not raised below and therefore will not be addressed here. See Reese v. Peters, 926 F.2d 668, 671 (7th Cir.1991).
 
 
 5
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [2]
 Indiana defines burglary as: "A person who breaks and enters the building or structure of another person, with intent to commit a felony on it, commits burglary, a class C felony." Ind.Code § 35-43-2-1 (Burns 1985) (emphasis added). Indiana defines theft as: "A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a class D felony." Ind.Code § 35-43-4-2 (Burns 1991 Supp.)
 
 
 [3]
 The jury was instructed that "breaking" is "an illegal and unconsented entry, no matter how slight or minimal.... It is enough to show that even the slightest force was used to gain entry. Even pushing aside a door or gate is sufficient to constitute a 'breaking.' "