53 F.3d 334
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Lonnie Ray WICKLIFFE, Petitioner-Appellant,
v.
Robert A. FARLEY, Warden, Respondent-Appellee.
 No. 92-3907.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 26, 1995.*
Decided May 3, 1995.
 
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 Order
 
 1
 Lonnie Ray Wickliffe is serving a sentence of life imprisonment for first degree murder. His conviction and sentence were affirmed by the Supreme Court of Indiana, and the state courts rejected two requests for collateral relief. Wickliffe v. State, 424 N.E.2d 1007 (Ind. 1981); Wickliffe v. State, 523 N.E.2d 1385 (Ind. 1988); Wickliffe v. State, No. CR-74-362D (Ind. App. July 18, 1991). A district judge now has denied Wickliffe's petition under 28 U.S.C. Sec.2254, Wickliffe v. Farley, 809 F. Supp. 610 (N.D. Ind. 1992), leading to this appeal.
 
 
 2
 Wickliffe does not contest any of the state courts' factual findings, which we therefore accept. 28 U.S.C. Sec.2254(d). He does dispute their legal conclusions. We do not think it necessary to canvass them in detail. The state courts gave elaborate explanations, and the district court wrote a thorough opinion. Many of Wickliffe's current arguments are not cognizable on collateral review. For example, his contention that the Supreme Court of Indiana should have issued a writ of mandamus depends entirely on state law, which is the concern of the state courts alone. See Estelle v. McGuire, 502 U.S. 62 (1991). His challenge to the sufficiency of the evidence depends on a belief that to satisfy the Constitution the proof must "exclude every hypothesis of innocence." That belief is not correct. United States v. Radtke, 799 F.2d 298, 302 (7th Cir. 1986); Barger v. Indiana, 991 F.2d 394, 398 (7th Cir. 1993). The remaining arguments have been dealt with adequately by the state courts and the district court, whose judgment is
 
 
 3
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record