THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. FRED KOGER, Defendant-Appellant.

Third District    No. 3—96—0334

Opinion filed April 16, 1997.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, and Ronald Boyer (argued), of Boyer & Thompson, of Watseka, for appellant.

Michael Kick, State's Attorney, of Kankakee (John X. Breslin and Domenica Osterberger (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE LYTTON delivered the opinion of the court:

The defendant, Fred Koger, Grant Smith and Nicholas Tang, who was known to defendant as Melik, committed an armed robbery of two men. Melik killed the victims while defendant stood nearby with a shotgun. Defendant was subsequently arrested and charged with six counts of first degree murder and one count of armed robbery. A jury convicted defendant of the armed robbery and first degree murder of both victims, and he was sentenced to natural life in prison for the murders. He appeals the murder convictions and sentence. We affirm.

FACTS

On November 7, 1995, defendant, Smith and Melik met at Mario

Gray's house. Melik said that he knew two men who he believed had marijuana and suggested that they rob these men at gunpoint. A man named Jamier Allen testified that during this conversation he heard Melik say he was going to kill the victims. Allen stated that defendant and Smith agreed no one would be killed, and the three men decided to commit the crime. Melik left the house to set up a meeting with the victims in an alley near Gray's house at approximately 2:30 p.m. on the pretext of making a drug deal.

The three men were armed when they arrived in the alley; defendant was carrying a shotgun. Melik told the passenger, Stevenson Earl, to get out of the car and turn over his valuables. He then had Earl lie on the ground at the rear of the car. At gunpoint, defendant ordered the driver, Arthur Loud, Jr., to lie on the ground by Earl. Smith put his gun on the passenger seat and searched the car while the other two men guarded the victims.

Melik silently stood behind Earl and shot him in the head, execution-style, from a distance of 6 to 18 inches. He killed Loud in the same manner. The three defendants then ran down the alley, appeared to exchange something, and continued to run. Eventually, they met back at Gray's house. Defendant asked Melik why he had killed the two men; Melik answered that he had "something personal for them."

Two days later, when the police arrested defendant they found a watch belonging to one of the victims. Defendant was questioned for several hours at the police station and gave a written confession. He was subsequently charged with six counts of first degree murder (720 ILCS 5/9—1(a)(1) (West 1994)) and one count of armed robbery (720 ILCS 5/18—2 (West 1994)).

Defendant sought to quash the arrest and suppress his confession, but the trial court denied both motions. Defendant also filed a motion *in limine* to bar the introduction of his prior conviction for aggravated discharge of a firearm. The trial court denied the motion in a written order, finding that the conviction's probative value outweighed the prejudice to defendant.

After the close of the State's case, defendant moved for a directed verdict, which the trial court denied. Defendant unsuccessfully renewed this motion after the close of all of the evidence. A jury convicted defendant of the armed robbery and first degree murder of both victims. The trial court sentenced defendant to natural life in prison for the murders, and defendant filed a timely notice of appeal. Because the trial court had not sentenced defendant for the armed robbery conviction, a second sentencing hearing was later held. Defendant was sentenced to 30 years for the armed robbery, and he

filed a second notice of appeal. This court consolidated the two appeals.

(The discussion of issues I through IV is not to be published pursuant to Supreme Court Rule 23 (166 Ill. 2d R. 23).)

## V

### A

Defendant next contends that the mandatory life imprisonment provision in section 5—8—1 of the Unified Code of Corrections (Code) (730 ILCS 5/5—8—1(a)(1)(c)(ii) (West 1994)) violates article I, section 11, of the Illinois Constitution because it does not consider the defendant's rehabilitative potential.

Defendant was sentenced to natural life under section 5—8—1 because he was convicted of a double homicide. Article I, section 11, requires that criminal penalties be determined in accordance with the seriousness of the crime, keeping in mind the objective of returning the defendant to a useful place in society. Ill. Const. 1970, art. I, § 11. However, a defendant's rehabilitation potential need not be given more weight than the severity of the offense. *People v. Taylor*, 102 Ill. 2d 201, 206, 209, 464 N.E.2d 1059, 1062, 1064 (1984). The legislature is assumed to have considered the relevant factors in establishing sentences, and the resultant scheme is presumptively proper. *Taylor*, 102 Ill. 2d at 206, 464 N.E.2d at 1062.

Illinois courts have upheld section 5—8—1 against similar constitutional challenges where the defendant was either the actual killer (*Taylor*, 102 Ill. 2d at 206, 209, 464 N.E.2d at 1062, 1064) or an accomplice to the killer (*People v. Driskel*, 224 Ill. App. 3d 304, 317, 586 N.E.2d 580, 588 (1991)). In addition, two courts have found that section 5—8—1 is constitutional when applied to defendants who have been found guilty by accountability.

In *People v. Foster*, 198 Ill. App. 3d 986, 998-99, 556 N.E.2d 1214, 1222-23 (1990), the defendant asserted that the trial judge's discretion was unduly limited because the statute did not allow him to consider the difference between a perpetrator and a defendant guilty by accountability. The court rejected the defendant's contention, reasoning that the focus of section 5—8—1(a)(1)(c) was the nature of the homicides, not the defendant's role in them. This reasoning was followed in *People v. Perry*, 230 Ill. App. 3d 720, 722, 595 N.E.2d 736, 738 (1992).

In this case, defendant was found guilty of two execution-style murders. We agree with the reasoning of the courts in *Perry* and *Foster* and find that section 5—8—1 is not unconstitutional under article I, section 11, as applied to those found guilty by accountability.

(The discussion of the following issue is not to be published pursuant to Supreme Court Rule 23 (166 Ill. 2d R.23).)

CONCLUSION

The judgment of the circuit court of Kankakee County is affirmed.

Affirmed.

McCUSKEY and SLATER, JJ., concur.