Eric JOHNSON, Petitioner,

v.

Thomas PAGE, Warden, Menard Correctional Center, Respondent.

No. 96 C 8208.

United States District Court, N.D. Illinois, Eastern Division.

July 8, 1997.

Eric Johnson, Menard Correctional Center, Menard, IL, pro se.

Darryl Belmonte Simko, Arleen C, Anderson, Illinois Attorney General's Office, Criminal Appeals Div., Chicago, IL, for Respondent.

## MEMORANDUM OPINION AND ORDER

ASPEN, Chief Judge.

After a jury trial in January 1992, Petitioner Eric Johnson was convicted of two counts of first-degree murder and one count of attempted armed robbery. Johnson now seeks a writ of habeas corpus to overturn his convictions and the resulting sentences. For the reasons discussed below, we deny the petition.

### I. Background

According to the order affirming the petitioner's convictions on direct appeal,[1] in De-

---

1. In considering the habeas petition, we presume the correctness of state court fact-finding, and

cember 1989, Johnson's codefendant, James Gibson, hatched a robbery plan and eventually enlisted the help of Johnson. *See People v. Johnson,* No. 1–92–1724, at 2, 258 Ill. App.3d 1083, 221 Ill.Dec. 163, 674 N.E.2d 956 (May 17, 1994) (unpublished order attached to Pet.'s Resp., Ex. A). Gibson targeted an insurance salesman, Lloyd Benjamin, who went door-to-door in the neighborhood to collect premiums from customers. *Id.; see also* Def.'s Appeal Br. at 5.[2] On December 20, 1989, Gibson shared this plan with Johnson (among others) and even revealed that Gibson would shoot Benjamin if the victim panicked. *See Johnson* at 2. Two days later, Gibson asked Johnson to serve as the lookout for the robbery in exchange for $50; Johnson agreed, knowing that Gibson was carrying a handgun. *Id.* at 2–3.

While Johnson stood by an alleyway and watched, Gibson approached Benjamin to carry out the robbery. *Id.* at 2–3. Johnson then saw Gibson shoot Benjamin, and Johnson fled. *Id.* at 3. Apparently, a neighborhood resident, Hunter Wash, had "walked out into the alley and came upon the armed robbery in progress," and Gibson shot Benjamin and then Wash. Def.'s Leave to Appeal Br. at 2–3. Eventually, Gibson and Johnson were arrested. A jury convicted Johnson of two counts of first-degree murder and one count of attempted armed robbery. The Illinois Appellate Court affirmed, and the state supreme court denied leave to appeal.[3] Petitioner now raises several arguments in support of the habeas petition, and we address them in turn.

## II. Discussion

### A. Accountability

■ First, Johnson appears to argue that insufficient evidence supports finding that he was accountable for the two murders. How-

ever, the petitioner failed to raise this claim on direct appeal, *see* Def.'s Appeal Br.; Def.'s Appeal Reply Br., and thus the claim is procedurally defaulted. *See Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991). Even if not defaulted, the petitioner's contention that he was not accountable for the murders is meritless.

In a federal habeas proceeding, we review a state conviction against a claim of insufficient evidence by asking "whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in original); *Chandler v. Richards,* 935 F.2d 915, 917 (7th Cir.1991). Under Illinois law, a defendant is accountable for another's criminal conduct if,

> (a) Having a mental state described by the statute defining the offense, . . . (c) Either before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense.

ILL.REV.STAT. ch. 38, ¶ 5–2(a), (c) (1989) (now codified as 720 ILCS 5/5–2(a), (c)). The accountability statute codifies the "common-design rule," which provides

> where two or more persons engage in a common criminal design or agreement, any acts in the furtherance thereof committed by one party are considered to be the acts of all parties to the common design and all are equally responsible for the consequences of such further acts.

indeed the petitioner does not raise any factual disputes. *See* 28 U.S.C. § 2254(d); *Ticey v. Peters,* 8 F.3d 498, 499 (7th Cir.1993).

2. Johnson's opening and reply briefs on direct appeal in state court are attached to the State's response as Exhibits B and D; the State's response brief on direct appeal is attached as Exhibit C; and Johnson's petition for leave to appeal to the Illinois Supreme Court is attached as Exhibit E.

3. Although it appears that Johnson filed a state post-conviction petition in August 1996, *see* St.'s Resp., Ex. F (state court docket sheet), both petitioner and respondent acknowledge that the claims presented in this § 2254 petition are exhausted. Pet.'s Mot. ¶ 10; St.'s Resp. ¶¶ 8–10. Because Johnson either raised or could have raised the claims he now presents, we agree that relief based on those claims are no longer available in state court, and the exhaustion requirement is met.

*People v. Terry,* 99 Ill.2d 508, 77 Ill.Dec. 442, 445, 460 N.E.2d 746, 749 (1984) (quoting *People v. Kessler,* 57 Ill.2d 493, 315 N.E.2d 29 (1974)). Thus, "an accomplice can be held accountable for murder even without a showing of an intent to kill." *Id.*

■ In light of the facts found in the state court proceedings, Johnson's murder convictions were based on sufficient evidence. Johnson knew that Gibson was carrying a handgun and that Gibson had announced the possibility that it would be used. Even more fundamentally, Johnson agreed to help Gibson commit the armed robbery, and Gibson's murder of the two victims was in furtherance of the armed robbery. Under Illinois law, Johnson's intent to help Gibson with the armed robbery rendered the petitioner accountable for Gibson's conduct in furtherance of the armed robbery. Accordingly, to the extent the petitioner challenges the jury's verdicts as to the murder counts, sufficient evidence supported the convictions based on accountability.

#### B. Mandatory Life Sentences

■ Rather than challenge the sufficiency of the evidence supporting the murder convictions, it appears that the petitioner's primary attack is directed against the mandatory life sentences imposed for the two murders. At the time of Johnson's sentencing, Illinois law provided that "if the defendant ... is found guilty of murdering more than one victim, the court shall sentence the defendant to a term of natural life imprisonment." ILL.REV.STAT. ch. 38, ¶ 1005–8–1(1)(c). According to the petitioner, the Illinois Appellate Court misinterpreted ¶ 1005–8–1(1)(c) by holding that murder convictions based on accountability, rather than direct personal, meet the requirement of being

"found guilty of murdering more than one victim." An error of state law interpretation,[4] however, does not by itself justify federal habeas relief, which requires an error of federal law. *See* § 2254(a).[5]

#### C. Eighth Amendment

■ Lastly, the petitioner maintains that life imprisonment without the possibility of parole is so disproportionate to his criminal conduct that the sentence violates the Eighth Amendment's bar against cruel and unusual punishment. However, in light of the other sentences that have satisfied the "exceedingly narrow proportionality element" of the Eighth Amendment, we hold that Johnson's life imprisonment term for two murders does not violate the Cruel and Unusual Punishment Clause. *See Holman v. Page,* 95 F.3d 481, 485 (7th Cir.1996) (explaining that majority in *Harmelin v. Michigan,* 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), agreed that "mandatory life sentence for a first-time felon convicted of possessing 650 grams of cocaine" satisfied Eighth Amendment).[6]

### III. Conclusion

For the reasons stated above, we deny the petition for a writ of habeas corpus. In addition, we deny the petitioner's motion for appointment of counsel as moot. It is so ordered.

### JUDGMENT

IT IS ORDERED AND ADJUDGED that to the extent the petitioner challenges the jury's verdicts as to the murder counts, sufficient evidence supported the conviction based on accountability. Rather than challenge the sufficiency of the evidence supporting the mur-

4. In any event, Illinois courts have uniformly interpreted murder convictions based accountability to trigger the mandatory life sentence ¶ 1005–8–1(1)(c). *E.g., People v. Perry,* 230 Ill. App.3d 720, 172 Ill.Dec. 375, 377, 595 N.E.2d 736, 738 (1992).

5. We also reject Johnson's challenge against the mandatory life sentence statute on the grounds that it is unconstitutionally vague. *See Maynard v. Cartwright,* 486 U.S. 356, 361, 108 S.Ct. 1853, 1857, 100 L.Ed.2d 372 (1988) (vagueness challenge rejected where "reasonable persons would

know that their conduct is at risk"); *United States v. Powell,* 423 U.S. 87, 93, 96 S.Ct. 316, 320, 46 L.Ed.2d 228 (1975) (statute survives vagueness challenge if "[i]t intelligibly forbids a definite course of conduct").

6. To the extent that the petitioner attacks the mandatory life sentence statute as unconstitutional under the Illinois Constitution, such a claim is not cognizable in a federal habeas proceeding. § 2254(a).

der convictions, it appears that the petitioner's primary attack is directed against the mandatory life sentences imposed for the two murders. An error of state law interpretation does not by itself justify federal habeas relief, which requires an error of federal law. Lastly, the petitioner maintains that life imprisonment without the possibility of parole is so disproportionate to his criminal conduct that the sentence violates the Eighth Amendment's bar against cruel and unusual punishment However, in light of the other sentences that have satisfied the "exceedingly narrow proportionality element" of the Eighth Amendment, we hold that Johnson's life imprisonment term for two murders does not violate the Cruel and Unusual Punishment Clause. Accordingly, we deny the petition for a writ of habeas corpus.