THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROMMELL WINTERS, Defendant-Appellant.

First District (6th Division)   No. 1—02—2790

Opinion filed June 30, 2004.

Michael J. Pelletier and Pamela Z. O'Shea, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, William D. Carroll, and Nancy Colletti, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GALLAGHER delivered the opinion of the court:

Defendant, Rommell Winters, presents several issues in his appeal from a natural life sentence imposed by the trial judge after this court remanded his case for resentencing: whether defendant's sentence for the murder of more than one person was discretionary on remand; whether the trial judge abused his discretion in sentencing defendant to a natural life sentence; and whether a mandatory life sentence for a "young" adult defendant convicted under a theory of liability is unconstitutional under the Illinois Supreme Court's decision in *People v. Miller*, 202 Ill. 2d 328 (2002). We hold that a natural life sentence is mandatory for the murder of more than one person and that *Miller* does not apply to adult defendants. We affirm.

Defendant was convicted of two counts of first degree murder under a theory of accountability in the November 7, 1996, shooting deaths of Carl Barbee and Jerome Coleman. Defendant was sentenced to a mandatory life sentence under section 5—8—1(a)(1)(c)(ii) of the Unified Code of Corrections (the Code) (730 ILCS 5/5—8—1(a)(1)(c)(ii) (West 1998)) because he had been convicted of the murders of more than one person. Codefendant Kevin Malone, the alleged shooter, was also convicted.

In defendant's first appeal, this court affirmed defendant's conviction but vacated the sentence and remanded the case for resentencing because Public Act 89—203 (Pub. Act 89—203, eff. July 21, 1995), which had in part amended the statute under which defendant was sentenced, had been declared unconstitutional by the Illinois Supreme Court in *People v. Wooters*, 188 Ill. 2d 500, 520 (1999). The *Wooters* court held that Public Act 89—203 violated the single subject rule of the Illinois Constitution (Ill. Const. 1970, art. IV, § 8). *Wooters*, 188 Ill. 2d at 520. We remanded with instructions that the trial court resentence defendant under the provisions of the Code as they existed prior to Public Act 89—203.

At the resentencing hearing, the court, the State, and the defense all proceeded as though the sentence was discretionary under the provisions of the Code prior to Public Act 89—203, and factors in aggravation and mitigation were heard. The trial court sentenced defendant to a term of natural life for each of the two murders. The

court subsequently denied defendant's motion to reconsider his sentence but clarified that the natural life sentences were to run concurrently. Defendant filed a timely appeal of the judgment.

Defendant first argues that our order remanding the case for resentencing implied that the sentence was discretionary. Our mandate stated: "We remand this case for resentencing under the provisions of the Code as they existed prior to Public Act 89—203, which took effect on July 21, 1995." Defendant concedes that those provisions require a mandatory life sentence for the murder of more than one person, but argues that because we had the authority to affirm his life sentence under the prior version of the Code, we implied that sentencing on remand was discretionary.

Defendant relies on *People v. Abraham*, 324 Ill. App. 3d 26 (2001), to support his argument that we implied a discretionary sentence on remand. *Abraham* involved a mandate that the defendant "plead anew" on remand. *Abraham*, 324 Ill. App. 3d at 29. This ambiguous mandate was unclear as to whether the State would be allowed to reinstate counts against the defendant that it had dismissed as part of a prior plea agreement. *Abraham*, 324 Ill. App. 3d at 29. Thus, it was necessary to determine what was implied by the appellate court's entire opinion with respect to reinstatement of previously dismissed counts. *Abraham*, 324 Ill. App. 3d at 30.

Unlike the mandate in *Abraham*, our mandate was not ambiguous. It specifically ordered that defendant be resentenced under the prior version of section 5—8—1(a)(1)(c)(ii) of the Unified Code of Corrections. As defendant concedes, that version of the Code clearly requires a mandatory life sentence for the murders of more than one person. See *People v. Gindorf*, 159 Ill. App. 3d 647, 665 (1987) ("the legislature has determined that no set of mitigating circumstances could allow a proper penalty of less than natural life for the crimes of two or more murders").

Defendant is correct that we had the authority to affirm his sentence under the prior version of the statute. 134 Ill. 2d R. 615(b); see also *People v. Jones*, 168 Ill. 2d 367, 374-75 (1995). Nonetheless, we reject defendant's argument that our decision not to exercise our authority means that we "necessarily found" that the trial court needed to exercise discretion. Our mandate unambiguously stated that defendant was to be resentenced under the prior version of section 5—8—1(a)(1)(c)(ii) of the Code. That prior version of the Code required the trial judge to sentence defendant to a natural life sentence. As the *Abraham* court noted, a reviewing court's mandate vests a trial court with jurisdiction only to take action that complies with the reviewing court's mandate. *Abraham*, 324 Ill. App. 3d at 30.

A trial court lacks the authority to exceed the scope of the mandate and must obey precise and unambiguous directions on remand. *Abraham*, 324 Ill. App. 3d at 30. Moreover, a trial judge may not exercise discretion in sentencing where the applicable statute does not provide for discretion. *People ex rel. Daley v. Strayhorn*, 119 Ill. 2d 331, 336 (1988). Accordingly, we also find meritless defendant's assertion that the prosecutor's statement in the sentencing hearing that sentencing was discretionary resulted in a waiver of the State's argument that a mandatory sentence was required. Defendant's argument that we implied a discretionary sentence contrary to the applicable provisions of section 5—8—1(a)(1)(c)(ii) fails. Defendant's natural life sentence was mandatory.[1]

■ Defendant alternatively argues that section 5—8—1(a)(1)(c)(ii) of the Code is unconstitutional as applied to him under the Illinois Supreme Court's decision in *People v. Miller*, 202 Ill. 2d 328. The *Miller* court held that the mandatory natural life sentence required by section 5—8—1(a)(1)(c)(ii) of the Code for the murder of more than one person violated the proportionate penalties clause of the Illinois Constitution as applied to the defendant in that case, who was "a juvenile offender convicted under a theory of accountability." *Miller*, 202 Ill. 2d at 343. Although defendant here was convicted under a theory of accountability, he was 18 years old at the time of the murders and was not a juvenile offender, making *Miller* inapplicable.

Despite defendant's attempts to characterize the *Miller* holding as applicable to "young" adult defendants, the *Miller* court clearly indicated that its holding applied only to juvenile defendants. *Miller*, 202 Ill. 2d at 343. The *Miller* court noted that its decision was "consistent with the longstanding distinction made in this state between adult and juvenile offenders." *Miller*, 202 Ill. 2d at 341. Indeed, as the *Miller* court specifically acknowledged: "Illinois courts have *** upheld application of [section 5—8—1(a)(1)(c)(ii) of the Code] to juvenile principals *and adult accomplices*." (Emphasis added.) *Miller*, 202 Ill. 2d at 337; see also *People v. McCoy*, 337 Ill. App. 3d 518, 523 (2003); *People v. Koger*, 287 Ill. App. 3d 764, 766 (1997); *People v. Perry*, 230 Ill. App. 3d 720, 722 (1992); *People v. Driskel*, 224

---

[1]Because we have determined that a mandatory life sentence was required by the Code, we need not address defendant's arguments that the trial judge abused his discretion in sentencing defendant to a natural life sentence or that the trial judge improperly considered codefendant Malone's allegedly unreliable statement in the resentencing hearing. We also need not address defendant's supplemental authority, which supported defendant's argument that Malone's statement was improperly considered.

Ill. App. 3d 304, 317 (1991); *People v. Foster*, 198 Ill. App. 3d 986, 998-99 (1990) (all upholding section 5—8—1(a)(1)(c)(ii) of the Code against constitutional challenges by adult defendants convicted under a theory of accountability).

We note that, in concluding that *Miller* was inapplicable to an adult defendant, the *McCoy* court additionally distinguished the 19-year-old adult defendant there from the juvenile defendant in *Miller* based on the adult defendant's active participation in the murder. *McCoy*, 337 Ill. App. 3d at 525. Defendant notes this distinction and now asserts that *Miller* is applicable because he, like the defendant in *Miller*, only played a passive role in the murders. *Miller*, 202 Ill. 2d at 341. He argues that the only reliable evidence before the trial court showed that he "drove the principal's car up to the car of the decedents, giving the principal offender an opportunity to commit the crime."

Courts upholding section 5—8—1(a)(1)(c)(ii) of the Code against constitutional challenges by adult defendants convicted under a theory of accountability have explained that the distinction between the perpetrator and a defendant guilty by accountability is irrelevant because the focus of the statute is on the nature of the offense and not the defendant's role in it. See, *e.g., People v. Koger*, 287 Ill. App. 3d at 766. Thus, just as an adult defendant's degree of participation is irrelevant whether that defendant is the actual perpetrator or an accomplice, his degree of participation is irrelevant whether he is an active accomplice or a passive accomplice. Although we reject defendant's argument that *Miller* stands for the proposition that section 5—8—1(a)(1)(c)(ii) of the Code is unconstitutional as applied to an adult who is "passively" accountable, we further note that defendant's role of driving the perpetrator's car up to the car of the decedents, giving the principal offender an opportunity to commit the crime, is not analogous to the passive accountability of the minor defendant discussed in *Miller*. Defendant here was an adult at the time the murders were committed, making his life sentence mandatory and the degree of his participation in the murders irrelevant. We conclude that *People v. Miller* does not apply to defendant, a "young" adult, regardless of his allegedly passive participation in the murders.

In accordance with the foregoing, we affirm the trial court's judgment. As part of this judgment, pursuant to *People v. Nicholls*, 71 Ill. 2d 166 (1978), and the Counties Code (55 ILCS 5/4—2002.1 (West

1992)), we grant the State's request that defendant be assessed $100 as costs for the State's defense of this appeal.

Affirmed.

O'MARA FROSSARD, P.J., and FITZGERALD SMITH, J., concur.