George E. CHAMBERS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 48A04–8908–CR–362.

Court of Appeals of Indiana,
Fourth District.

March 27, 1990.

Michael R. Withers, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

CONOVER, Judge.

Defendant–Appellant George E. Chambers (Chambers) appeals his conviction and sentence for Burglary, a class B felony, pursuant to IND.CODE 35–43–2–1.

We affirm.

Chambers raises the following restated issues for our review:

 1. whether there was sufficient evidence to support Chambers' conviction;

 2. whether the State improperly challenged black prospective jurors;

 3. whether trial counsel's failure to object to the State's challenge of black prospective jurors constituted ineffective assistance of counsel;

 4. whether the trial court erred in giving instructions which were allegedly misleading; and

5. whether the court erred in sentencing Chambers.

The victim, Lydia Melson (Melson), lived with her two children in a townhouse in Anderson, Indiana. On the night of August 17, 1987, she went upstairs to bed at approximately 10:30 p.m. She left the sliding glass door at the rear of the townhouse open approximately five or six inches. A rod, similar to a dowel rod, was placed in the door's inside track to prevent the door from opening any further. A sliding screen door outside the glass door was closed but not locked.

Melson left her purse on a table in the downstairs living room. Inside the purse was a wallet containing $25.00 in cash.

On the morning of August 18, 1987, the victim awoke and found the $25.00 was missing from her wallet. She noticed the sliding glass door was open about halfway and the rod was laying outside the track. She then called the Anderson police.

William Castro, an Anderson City police officer, acted as scene technician at the townhouse and took four prints from the exterior of the sliding glass door. Prints were also taken from a metal box located inside the townhouse. At trial, officer Terry Ward, an Anderson Police Department lab technician and a qualified expert in fingerprint identification, testified one of the prints from the outside of the sliding door was from Chambers' right palm. No other prints were identifiable.

The jury found Chambers guilty of Burglary and he received a sixteen year sentence.

Additional facts are provided below as necessary.

Chambers contends there was insufficient evidence to support the jury's verdict since the sole evidence against him was his palm print on the outside of the sliding glass door.

■ Our standard of review for sufficiency claims is firmly established; we neither reweigh the evidence nor judge the credibility of the witnesses. We consider only the evidence most favorable to the State and all reasonable inferences there-from. *Mediate v. State* (1986), Ind., 498 N.E.2d 391, 393 (citing *Freeze v. State* (1986), Ind., 491 N.E.2d 202). We review the evidence to determine, as a matter of law, whether there is substantial evidence of probative value from which a jury could reasonably infer or find the existence of each material element of the crime in order to prove guilt beyond a reasonable doubt. *Id.* (citing *Baker v. State* (1956), 236 Ind. 55, 138 N.E.2d 641). Substantial evidence of probative value is evidence having the qualities of directness and freedom from uncertainty. *Id.* (citing *Vuncannon v. State* (1970), 254 Ind. 206, 258 N.E.2d 639).

■ Reasonable doubt "is not a fanciful doubt—it must be more than speculation or whim. And it is a doubt which arises from the evidence, the lack of evidence, or a conflict in the evidence." *Brown v. State* (1977), 266 Ind. 82, 360 N.E.2d 830, 836. Reasonable inference of guilt must be based on more than a mere suspicion, conjecture, conclusion, guess, opportunity, or scintilla. *Mediate, supra* (citing *Harris v. State* (1978), 269 Ind. 672, 382 N.E.2d 913).

When latent prints constitute the principal evidence establishing an appellant committed burglary, sufficiency of the evidence is an important and difficult question. *Mediate, supra.* Here, the question is even more important because the sole evidence against Chambers is the presence of his palm print on the outside of the sliding glass door.

■ A print found at the point of entry is accorded substantial weight because of its direct relationship to the element of illegal entry. In fact, prints found near the point of entry inside a dwelling may be sufficient standing alone. *Mediate, supra,* at 394. However, when the location of the print does not readily indicate a forced or illegal entry, additional evidence may be necessary to sustain the conviction. *Id.* A significant factor in determining the conclusiveness of a print is whether appellant had legitimate access to the fingerprinted object. *Id.,* at 393. A conviction may be sustained only if appellant's legitimate access is precluded by evidence presented at

trial. If legitimate access is not precluded, then the jury's verdict is based on speculation rather than proof beyond a reasonable doubt. *Id.*, at 395.

Three Indiana Supreme Court cases are instructive. In *Evans v. State* (1986), Ind., 495 N.E.2d 739, a divided court vacated this court's reversal of appellant's trial court conviction on the basis prints found at the point of entry, a basement window which had been shattered, were sufficient evidence of guilt. The court reasoned:

The facts clearly show that between the hour of 10:00 a.m., and 11:00 a.m., on the date in question, the victim's residence was entered through the basement window and property being removed therefrom. The point of entry was the basement window where Appellant's prints were found. Entry at that point resulted in the security lock being latched on the front door and property removed from the interior of the residence. The circumstantial evidence was such that the fingerprints were not made in any legitimate manner that would otherwise explain their presence. Further inferences are justified that the one who left those prints also entered and removed the property in question. The trier of fact therefore was justified in finding these facts and inferences as it did. (Citations omitted.)

495 N.E.2d at 741.

In *Mediate, supra,* a unanimous court held appellant's fingerprints on the shotgun shell box which had been moved during a burglary of a dwelling to the garage area were sufficient to uphold his conviction because the possibility of appellant's legitimate access to the box had been adequately foreclosed. The court specifically held the reasonable inference to be derived from absence of legitimate access and the relocation of the box from its point of origin was that appellant was guilty. *Id.* at 395.

Finally, in *Johnson v. State* (1987), Ind., 512 N.E.2d 1109, 1110, the court held fingerprints found on a window covered with a screen prior to the burglary, coupled with fingerprints found on the door damaged in the burglary, constituted sufficient evidence to support the jury's verdict.

■ The evidence in the case at bar establishes the victim's townhouse was entered and burglarized after she went to bed on August 17, 1987 and before she arose on August 18, 1987. Access was made through the sliding glass door off the patio. On the morning of the eighteenth the door was open half-way instead of only a few inches and the rod was out of the track it had been placed in the night before. Chambers' palm print was on the glass door, a print which could only be made by first sliding back the screen door. The victim testified the door was bordered by fences on both sides, foreclosing the possibility of legitimate access. The evidence, even though circumstantial, is substantial and supports the jury's verdict.

Chambers, a black man, contends the State violated the Equal Protection Clause of the Fourteenth Amendment when the prosecutor peremptorily challenged the only two prospective black persons on the venire, citing *Batson v. Kentucky* (1986), 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69, as support for his contention. In *Batson*, the Supreme Court held the Equal Protection Clause forbids the prosecution from challenging potential jurors solely on account of their race or on the assumption black jurors will be unable to impartially consider the State's case against a black defendant. The court further held a criminal defendant may establish a *prima facie* case of purposeful racial discrimination solely on evidence concerning the prosecutor's exercise of peremptory challenges at the defendant's trial without showing repeated instances of such discriminatory conduct over a number of cases.

■ In *Phillips v. State* (1986), Ind., 496 N.E.2d 87, 89, our supreme court stated a defendant relying on *Batson* must show: 1) he is a member of a cognizable racial group; 2) the prosecutor has exercised peremptory challenges to remove that group's members from his jury; and 3) the facts and circumstances of his case raise an inference the exclusion was based on race. Once the defendant makes a *prima facie*

showing, the burden shifts to the State to come forward with a neutral explanation for challenging black prospective jurors. *Id.* The trial court then has the duty to determine whether the defendant has established purposeful discrimination. *Id.* (citing *Batson, supra,* 476 U.S. at 97, 98, 106 S.Ct. at 1723, 1724).

In the present case, the record does not conclusively show the black prospective jurors were peremptorily challenged. The record of *voir dire* is silent regarding the race of any prospective jurors challenged. Trial counsel did not make a contemporaneous objection to any of the prosecutor's challenges. The issue was first raised in the motion to correct errors, wherein the trial counsel stated

That the Court erred in permitting the State of Indiana to strike two black jurors in a case wherein the Defendant, namely, George Edward Chambers is a black Defendant and the only black jurors called for jury duty in this cause were striken [sic] by the State of Indiana peremptorily without any reasons being specified in the record for such peremptory challenge [sic] and the same constitutes error.

(R. 2).

The State responded in pertinent part:

c. By further reason of the defendant's failure to raise this issue at trial, the State had no opportunity or reason to state any explanation or make record supporting the use of its preemptory [sic] challenges and refuting any suspect interpretations. The State does recall a prospective black juror who the State struck preemptorily [sic] who indicated he was acquainted with the defendant's mother, and spoke with her regularly at work. The State would strike any person who indicated they knew and had close contact with close members of a defendant's family as that may exert a very subtle subconscious leaning in favor of the defendant out of a desire to not have to face their acquaintance or friend having convicted their family member. Other than that concern, the State was

perfectly satisfied with that prospective juror and would have retained him.

d. The State also recalls a black woman who was seated as an alternate juror in the trial of one of these counts.

(R. 155).

The trial judge wisely set an evidentiary hearing on the issues presented by the motion to correct errors. (R. 158). The trial judge advised the defendant he would be asked at the hearing "to identify those prospective black jurors he alleges were preempted by the State." (R. 159). The hearing was held, but no record has been provided for our review. In denying the motion to correct errors, the trial court noted "the defendant failed to present any evidence in support of his allegation." (R. 164).

 It is the duty of the party alleging error to present this court with a record sustaining his argument. *House v. State* (1989), Ind., 535 N.E.2d 103, 109. On appeal, we can consider only those matters which are contained in the record of proceedings submitted to the court. *Green v. State* (1989), Ind.App., 544 N.E.2d 172, 173. Ind. Appellate Rule 7.2(C) provides a specific procedure to bring into the record facts which are not contained therein, but which are necessary for determination of an issue on appeal. *Witte v. State* (1987), Ind., 516 N.E.2d 2, 5.

 Chambers' allegation of a *Batson* violation lacks support in the record. Absent such support, the issue is waived.

 Even assuming the record supported Chambers' argument, the issue is still waived because of trial counsel's failure to make a contemporaneous objection to the prosecutor's challenges. In order for error to be preserved for review, a timely and adequate objection must be raised at trial. *Brown v. State* (1981), 275 Ind. 441, 417 N.E.2d 333, 338. The proper time for objection was immediately after the peremptory challenges were made. A timely objection would have allowed the trial court to follow *Batson* and make a determination regarding the intent of the challenges.

On appeal, appellate counsel contends Chambers was denied effective assistance of counsel at trial because of trial counsel's failure to object to the prosecutor's challenges. Chambers cites to *Baker v. State* (1973), 260 Ind. 618, 298 N.E.2d 445, 453, *reh. denied,* for the proposition competent trial counsel has the duty to hold the State to a strict accounting of its duties.

We find ineffective assistance of trial counsel has not been established. The record is unclear whether a *Batson* violation ever occurred. Thus, we cannot conclude trial counsel was required to make an objection at *voir dire.* It is the responsibility of appellate counsel to utilize App.R. 7.2(C) to supplement the record to include facts which would support its contention.

Chambers next contends the trial court erred in giving two of the State's proposed instructions. Proposed instruction No. 2 read:

Felonious intent at the time of entry may be inferred from the fact that a criminal act is committed after entry.

The intent requisite for entering to commit a felony did not need to have been proved by direct evidence but could have been reasonably been [sic] inferred from other evidence and if the defendant, after entering the premises, committed Theft, the evidence would be sufficient to sustain his conviction.

(R. 88).

Proposed instruction No. 3 read:

In determining whether latent prints link a Defendant with a Burglary, you may consider such factors as legitimate access to the area where the print was located; and if the burglarized structure was a dwelling, whether the defendant has authorization to enter the dwelling.

(R. 95).

Chambers contends both instructions are defective because they imply to the jury the court had already decided Chambers had entered Melson's dwelling. Chambers further contends Proposed Instruction No. 2 is erroneous because it does not state that in order to be guilty of Burglary, Chambers must have had felonious intent to commit a felony when he entered the Melson residence.

We find no error here. Instructions must be considered as a whole in determining whether the jury was fairly and properly instructed. *See Miller v. State* (1989), Ind., 541 N.E.2d 260, 262. Along with these instructions the trial court gave a standard instruction explaining a defendant is presumed innocent and the State has the burden of proving a defendant guilty of every essential element of a crime. A second standard instruction was given which explained the "reasonable doubt" burden placed on the State. In addition, it is not reversible error to instruct a jury that knowledge or intent may be inferred from facts from which those inferences may logically and reasonably be drawn. *Miller, supra.*

Finally, Chambers contends his sentence was excessive. Specifically, he claims certain mitigating factors should have led to a lesser sentence. In mitigation, Chambers presented two witnesses who testified he had a learning disability, was maturing, and was concerned about his child. Chambers cites to *Fointno v. State* (1986), Ind., 487 N.E.2d 140, for the proposition all mitigating circumstances must be expressly considered.

Sentencing is a matter committed to the sound discretion of the trial court. *Scruggs v. State* (1986), Ind., 489 N.E.2d 935, 938. On appeal, we will not alter a sentence imposed by the trial court if it is within statutory bounds unless it appears the sentence was manifestly unreasonable. *Bryan v. State* (1982), Ind., 438 N.E.2d 709, 719. A sentence is not manifestly unreasonable unless no reasonable person could find such a sentence appropriate to the particular offense and offender for which the sentence was imposed. *Hansford v. State* (1986), Ind., 490 N.E.2d 1083, 1093. It is within the trial court's authority to determine the weight of aggravating and mitigating circumstances and to increase or decrease the sentence accordingly. *Hoehn v. State* (1984), Ind.App., 472 N.E.2d 926, 932, *reh. denied.*

Here, the sentence imposed was within statutory bounds. Chambers was sentenced to sixteen years upon the trial court's finding he had a substantial juvenile record, was on probation at the time the offense was committed, and had a substantial adult record showing multiple convictions. The trial court was not required to consider the factors urged by Chambers in mitigation. *Scruggs, supra,* at 938. In *Scruggs,* our supreme court interpreted *Fointno* as saying failure to give adequate consideration to mitigating factors can result in modification of a sentence, but modification is not mandated. *Scruggs, supra.*

Chambers also contends the trial court improperly used a conviction which was subsequently set aside to enhance his sentence. Chambers cites to *Anderson v. State* (1983), Ind., 448 N.E.2d 1180, 1186, for the proposition a court cannot properly use uncharged crimes or acquittals to enhance a presumptive sentence.

The presentence report shows Chambers was previously convicted for Burglary and was placed on probation. He was on probation at the time he committed the instant offense, and his probation was consequently revoked. The presentence report also shows he was convicted of another Burglary, but the record reflects the conviction was set aside after sentencing on this offense. The record also reflects substantial juvenile offenses. The trial judge relied on the totality of Chambers' past offenses in sentencing him. He made no specific mention of the Burglary conviction later set aside. We cannot say the sentence imposed was manifestly unreasonable. *See Hoelscher v. State* (1984), Ind., 465 N.E.2d 715, 717 (a trial judge may consider misdemeanors and other prior criminal activity which have not been reduced to a conviction).

Affirmed.

MILLER and ROBERTSON, JJ., concur.