Michael G. **BARGER**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–9008–CR–488 [1].

Court of Appeals of Indiana,
First District.

Aug. 16, 1991.

F. Allen Tew, Jr., Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

ROBERTSON, Judge.

The defendant-appellant Michael G. Barger appeals from his conviction for child molesting. We reverse on Barger's issue relating to the sufficiency of the evidence. In particular, we hold that the age of the victim was not adequately proven.

■ In reaching the decision to reverse, we are mindful of the appropriate standard of review:

> When considering sufficiency challenges on appeal, we will not invade the province of the jury by weighing the evidence or judging witnesses' credibility. Our review is confined to considering only the evidence most favorable to the State, together with all reasonable and logical inferences which may be drawn therefrom, in order to determine whether each element of the alleged offense has been proved beyond a reasonable doubt. The verdict will not be disturbed on the basis of insufficient evidence unless there is an absence of substantial probative evidence upon a material element of the offense, or the evidence is without conflict and leads to but one reasonable conclusion, which is contrary to the conclusion reached by the trier of fact. (Citations omitted.)

*Dixon v. State* (1981), Ind.App., 425 N.E.2d 673, 674–75. We further note that the uncorroborated testimony of the victim is ordinarily sufficient to sustain a conviction for child molesting. *Brooks v. State* (1990), Ind., 560 N.E.2d 49, 53.

■ Barger was charged with one count of child molesting pursuant to IND.CODE 35–42–4–3(d), which alleged a fondling or touching of a female who was at least twelve years of age, but under sixteen years of age, and that the incident occurred sometime between August, 1987, and June, 1988. The essential elements of I.C. 35–42–4–3(d) which have to be proved beyond a reasonable doubt are: (1) actor, sixteen or older; (2) performs or submits to fondling or touching; (3) with a child twelve or older but under sixteen; and (4) with intent to sexually arouse or satisfy the sexual desires of either the actor or the child. *Lechner v. State* (1982), Ind.App., 439 N.E.2d 1203, 1206.

Parenthetically, we would also observe that I.C. 35–42–4–3(b) echoes the essential elements of subsection (d) with the exception that the victim must be under twelve years of age. Subsection (b) does not come into play in this appeal for the reason that Barger was not charged with that offense, and (d) is not a lesser included offense of subsection (b). As succinctly stated in *Mahla v. State* (1986), Ind., 496 N.E.2d 568, 573, the material element of the victim's age inherently separates these crimes and the victim is or is not older than twelve when the act occurs for he, or she, cannot be both.

The Due Process clause of the Fourteenth Amendment protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. *Francis v. Franklin* (1985), 471 U.S. 307, 314, 105 S.Ct. 1965, 1971, 85 L.Ed.2d 344, citing *In re Winship* (1970), 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368. *Chambers v. State* (1990), Ind.App., 551 N.E.2d 1154 states:

> Reasonable doubt "is not a fanciful doubt—it must be more than speculation or whim. And it is a doubt which arises from the evidence, the lack of evidence, or a conflict in the evidence." Reasonable inference of guilt must be based on more than a mere suspicion, conjecture, conclusion, guess, opportunity, or scintilla. (Citations omitted.)

*Id.* at 1156. *See also, Johnson v. State* (1988), Ind., 518 N.E.2d 1073, 1076–77.

 A review of the facts viewed in a light most favorable to the State, and as it relates to the age of the alleged victim, shows that she testified that her birth date was on February 22, 1976, and that her twelfth birthday was February 22, 1988. She testified that the molestation occurred when she was eleven or twelve years old "between January and February" of the 1987–1988 school year during the cold months after Christmas. Other witnesses also testified but their testimony was no more helpful in establishing the time of the occurrence than that of the alleged victim. We must conclude that this evidence is not sufficient to establish the essential element of the alleged victim's age beyond a reasonable doubt. The test of reasonable doubt as previously set forth in *Chambers*, has not been met in a manner capable of sustaining the conviction.

In reaching our decision in this case we are mindful of a number of cases where the proof of the exact date of molestation was not necessary. One example is the case of *Brewer v. State* (1990), Ind., 562 N.E.2d 22, where multiple molestations occurred and the proof was sufficient that several of these had occurred within the appropriate time frames. This appeal is distinguished by the fact that only one instance of molestation was alleged and, because of the age dividing line imposed by the General Assembly in defining the offense, proof of the age of the alleged victim is crucial. In *Brewer*, and other molestation cases which hold that time is not of the essence, that distinction was either not present or was cured by proof of other molestations, a situation which is not present in this appeal. In other molestation cases where it was held time was not of the essence, the pivotal questions centered on specificity of pleading the date or dates of the offense, alibi defenses, or double jeopardy questions, none of which are present in this appeal. *See, e.g., Phillips v. State* (1986), Ind.App., 499 N.E.2d 803.

In conclusion, we hold that under the facts of this case, reversible error has occurred in that the State has failed to prove an essential element of the crime by the constitutionally required beyond a reasonable doubt standard. As a result, Barger is entitled to have a judgment of acquittal entered in his favor. *Suits v. State* (1983), Ind.App., 451 N.E.2d 375.

Judgment reversed with instructions to acquit.

MILLER and SHIELDS, JJ., concur.