## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 22 2016, 9:27 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Bryan Gadson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 22, 2016

Court of Appeals Case No.
34A04-1509-CR-1533

Appeal from the Howard Superior Court

The Honorable George A. Hopkins, Judge

Trial Court Cause No.
34D04-1412-F6-170

**Crone, Judge.**

[1] Bryan Gadson appeals his conviction for level 6 felony battery against a public safety official. Specifically, Gadson states that he wishes to challenge the racial makeup of his jury venire, the State's "strikes" of potential jurors during voir dire, and the juror questionnaires. Appellant's Br. at 4. Although his argument is difficult to discern, it appears that he essentially wants to make a *Batson* claim on appeal. *See Addison v. State*, 962 N.E.2d 1202, 1208 (Ind. 2012) ("Purposeful racial discrimination in selection of the venire violates a defendant's right to equal protection because it denies him the protection that a trial by jury is intended to secure.") (quoting *Batson v. Kentucky*, 476 U.S. 79, 86 (1986)). Gadson asserts, however, that due to the fault of the trial court, he is unable to submit an adequate record on appeal and therefore has been effectively denied his right to an appeal and must be given a new trial. We disagree, conclude that he has waived any claims of error, and affirm his conviction.

[2] It has long been recognized that it is the appellant's burden to provide us an adequate record to permit meaningful appellate review. *Wilhoite v. State*, 7 N.E.3d 350, 354-55 (Ind. Ct. App. 2014). Although the record indicates that voir dire was recorded in this case, *see* Appellant's App. at 44, Gadson has not provided us with a transcript of voir dire, which would be necessary for any appellate review of challenges to the selection of his jury. Gadson blames his failure on the trial court clerk, stating that while his notice of appeal requested the transcript of his jury trial, the transcript he received did not include the voir dire. *See* Ind. Appellate Rule 2(K) ("Transcript shall mean the transcript or transcripts of all or part of the proceedings in the trial court … that any party

has designated for inclusion in the Record on Appeal and any exhibits associated therewith."). Be that as it may, if Gadson received what he believed to be an incomplete record of proceedings, it was his obligation to request the trial court clerk to supplement the record. At that point, if a transcript of voir dire was still unavailable for some reason, Indiana Appellate Rule 31 provides, in part, that "[i]f no Transcript of all or part of the evidence is available, a party or the party's attorney may prepare a verified statement of the evidence from the best available sources, which may include the party's or the attorney's recollection." It does not appear from the record submitted to us that either approach was attempted.

[3]     Gadson next baldly asserts that the trial court "intentionally destroy[ed]" part of the record that he needs for this appeal, namely the actual "strike sheets" used by the parties during voir dire. Appellant's Br. at 3. Assuming that the trial court did in fact dispose of these sheets, Gadson cites no authority that the court was required to maintain them as part of its record. Moreover, it would have been trial counsel's obligation to request preservation of those sheets and/or to make a contemporaneous objection to the State's juror challenges to make a record for our review and preserve a *Batson* claim of error. *See Addison*, 962 N.E.2d at 1211 (citing *Chambers v. State*, 551 N.E.2d 1154, 1158) (Ind. Ct. App. 1990)). Finally, Gadson does not include the challenged juror questionnaires in his appendix, claiming that they "are unavailable because the Bailiff is on vacation and no one in the Trial Court will unlock his office so that copies can be made." Appellant's App. at 59. Again, trial counsel would have

had both the opportunity and obligation to make a record and preserve error on this issue. The trial court is not so obliged.

[4] We are unpersuaded by Gadson's counsel's bald accusations and attempts to shift his responsibility to provide an adequate record to others. We have little choice but to conclude that Gadson has wholly failed to meet his burden to present us with an adequate record for review and has therefore waived his claims of error on appeal. *See Weekly v. State*, 496 N.E.2d 29, 31 (Ind. 1986) (defendant waived *Batson* challenge on appeal by failing to present adequate record). His conviction is affirmed.

[5] Affirmed.

Najam, J., and Robb, J., concur.