## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 23 2016, 8:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Kelvin Underwood
Westville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kelvin Underwood, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | June 23, 2016 <br><br> Court of Appeals Case No. <br> 02A03-1507-PC-835 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Frances C. Gull, Judge <br><br> Trial Court Cause No. <br> 02D06-1412-PC-165 |

**Robb, Judge.**

# Case Summary and Issue

[1] In 2011, Kelvin Underwood pleaded guilty to robbery, a Class C felony, and theft, a Class D felony, and the trial court sentenced him to eleven years in the Indiana Department of Correction with five years suspended to probation. In December 2014, Underwood filed a pro se petition for post-conviction relief, which the post-conviction court dismissed because Underwood failed to submit his case by affidavit. Underwood appeals the dismissal, pro se, raising eight issues for our review, which we consolidate and restate as whether the post-conviction court erred in dismissing his petition for post-conviction relief. Concluding the post-conviction court did not err in dismissing Underwood's petition, we affirm.

# Facts and Procedural History

[2] On December 13, 2011, Underwood pleaded guilty to robbery as a Class C felony and theft as a Class D felony. The trial court accepted the pleas, and on January 9, 2012, entered judgment of conviction and sentenced Underwood to eleven years in the Department of Correction with five years suspended to probation. On May 24, 2013, Underwood filed a Motion to Compel, which the trial court denied.[1] On August 30, 2013, Underwood filed a Petition for

---

[1] At all times relevant herein, Underwood proceeded pro se. At the outset, we note many of the motions filed by Underwood are not included in the record. As a result, we rely heavily on the Chronological Case Summary in order to create a clear timeline. In addition, we note—because the motions, documents, and

Verified Copy of Record of Proceedings. On September 6, 2013, the trial court denied Underwood's request for his sentencing transcripts.[2]

[3] On December 8, 2014, Underwood filed a verified petition for post-conviction relief, alleging he involuntarily, unknowingly, and unintelligently pleaded guilty and he received ineffective assistance of trial counsel. On the same day, he filed a motion for change of judge, which the post-conviction court denied. On December 15, 2014, the State moved to require Underwood to submit his case by affidavit. On January 8, 2015, the post-conviction court granted the State's motion to require Underwood to submit his case by affidavit by April 8, 2015.

[4] On February 9, 2015, Underwood filed a notice of appeal from the post-conviction court's order requiring he submit his case by affidavit.. On March 2, 2015, the county clerk issued a Notice of Completion of Clerk's Record, stating the court reporter need not prepare transcripts for appeal as no hearings in the post-conviction court were conducted. On March 10, 2015, we dismissed Underwood's appeal with prejudice because it was untimely pursuant to Indiana Appellate Rule 9(A)(1); we further concluded Underwood forfeited his

petitions are not included in the record—we are without sufficient knowledge of Underwood's specific requests. Therefore, we address these motions by their titles.

[2] Neither the August 30 petition nor the September 6 order are included in the record. But given the notes in the Chronological Case Summary, coupled with the nature of this appeal, we presume Underwood—almost seventeen months after the trial court sentenced him—requested his sentencing transcripts in the August 30 petition.

right to appeal the post-conviction court's order requiring him to submit his case by affidavit.

[5] On May 4, 2015, Underwood filed with the post-conviction court a document alleging the post-conviction court failed to rule on his motion to proceed in forma pauperis. Because we previously dismissed Underwood's appeal, the post-conviction court denied his motion to proceed in forma pauperis as moot. On June 11, 2015, the State moved to dismiss Underwood's petition for post-conviction relief. On the same day, the post-conviction court dismissed Underwood's petition because he failed to submit his case by affidavit by April 8, 2015, as ordered.

[6] On July 2, 2015, Underwood filed his notice of appeal from the dismissal of his petition for post-conviction relief. On July 8, 2015, Underwood filed a motion with the post-conviction court requesting the post-conviction court order the county clerk to prepare and deliver a transcript of his guilty plea and sentencing hearings. On July 16, 2015, the post-conviction court issued an order denying Underwood's motion because it had already dismissed his petition. In the same order, the court noted it received a copy of Underwood's Verified Petition for Leave to Prosecute Appeal as an Indigent person and granted that motion.

[7] On September 11, 2015, Underwood filed a motion requesting copies of the guilty plea and sentencing hearings with this court. On October 2, 2015, we denied Underwood's motion and remanded to the post-conviction court to determine whether to provide Underwood with a copy of the clerk's record

and/or transcripts at the public's expense. Further, we ordered Underwood to file his request for a copy of the clerk's record and transcript with the county clerk within fifteen days.

[8] On October 19, 2015, Underwood filed a Motion for Transcripts Held Hearings with the post-conviction court. On October 30, 2015, the post-conviction court denied the motion because "nothing is pending in the trial court. Court further notes that defendant is appealing the Court's dismissal of his Post-Conviction Relief Petition for failing to submit his affidavit as ordered on January 8, 2015." Appellant's Appendix Volume I at 20. On the same day, Underwood filed with this court an Appellant's Notice of Trial Courts Non-Compliance with Appellate Court Order, alleging the post-conviction court did not order the county clerk to release the transcripts. On November 15, 2015, Underwood filed an Emergency Request for Transcripts and Clerk Records relating to his guilty plea and sentencing hearings. On November 17, 2015, we ordered the county clerk to provide Underwood with a free copy of the clerk's record in the post-conviction proceedings, if it had not already done so, but did not order the post-conviction court to provide Underwood with a copy of clerk's record related to his criminal trial. This appeal ensued.

# Discussion and Decision

[9] On appeal, Underwood argues the post-conviction court committed a litany of errors. Specifically, he contends the post-conviction court erred in failing to hold an evidentiary hearing, denying his request for transcripts, failing to

consider his verified petition as evidence, failing to rule on multiple motions, failing to grant his motion for an enlargement of time to submit his case by affidavit, failing to comply with his requests for subpoenas, and denying his request for change of judge.[3] We address each contention below.

# I.  Standard of Review

Defendants who have exhausted the direct appeal process may challenge the correctness of their convictions and sentence by filing a post-conviction petition. Ind. Post-Conviction Rule 1(1).  The petitioner for post-conviction relief has the burden of establishing his grounds for relief by a preponderance of the evidence. P-C.R. 1(5); *Timberlake v. State,* 753 N.E.2d 591, 597 (Ind. 2001), *cert. denied*, 537 U.S. 839 (2002).  Because Underwood is appealing from a negative judgment, to the extent his appeal turns on factual issues, he must convince this court that the evidence as a whole unmistakably and unerringly points to a conclusion contrary to the post-conviction court's decision.  *Timberlake,* 753 N.E.2d at 597.

# II.  Evidentiary Hearing

Underwood contends the post-conviction court erred when it ordered him to submit his case by affidavit and failed to conduct an evidentiary hearing,

---

[3] Underwood also raises two issues pertaining to the merits of his petition for post-conviction relief. However, there has been no evidence admitted in this case and the post-conviction court is the appropriate court to address the merits of Underwood's petition.  Since the post-conviction court dismissed Underwood's petition before reaching the merits, we decline to address the merits.

arguing an evidentiary hearing was required because "any submitted affidavits would present factual issues" which the post-conviction court could not resolve without an evidentiary hearing. Appellant's Brief at 11.

[12] Post-Conviction Rule 1(5) provides,

> The petition shall be heard without a jury. A record of the proceedings shall be made and preserved. All rules and statutes applicable in civil proceedings including pre-trial and discovery procedures are available to the parties, except as provided above in Section 4(b). The court may receive affidavits, depositions, oral testimony, or other evidence and may at its discretion order the applicant brought before it for the hearing. The petitioner has the burden of establishing his grounds for relief by a preponderance of the evidence.

Post-Conviction Rule 1(9)(b) provides, in part,

> In the event petitioner elects to proceed pro se, the court at its discretion may order the cause submitted upon affidavit. It need not order the personal presence of the petitioner unless his presence is required for a full and fair determination of the issues raised at an evidentiary hearing. If the pro se petitioner requests issuance of subpoenas for witnesses at an evidentiary hearing, the petitioner shall specifically state by affidavit the reason the witness' testimony is required and the substance of the witness' expected testimony. If the court finds the witness' testimony would be relevant and probative, the court shall order that the subpoena be issued.

Post-Conviction Rule 1(4)(g) provides,

> The court may grant a motion by either party for summary disposition of the petition when it appears from the pleadings,

depositions, answers to interrogatories, admissions, stipulations of fact, and any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The court may ask for oral argument on the legal issue raised. *If an issue of material fact is raised, then the court shall hold an evidentiary hearing as soon as reasonably possible.*

Emphasis added.

[13] Here, the post-conviction court, on January 8, 2015, ordered Underwood to submit his pro se case by affidavit by April 8, 2015. Underwood did not submit his case by affidavit by April 8, 2015. As a result, the post-conviction court did not have the opportunity to exercise its discretion in determining whether the affidavits raised an issue of material fact requiring an evidentiary hearing. *See* P-C.R. 1(4)(g). Accordingly, the post-conviction court did not err in not holding an evidentiary hearing.

## III. Request for Transcripts

[14] Underwood contends the post-conviction court erred in denying his request for transcripts of his guilty plea and sentencing hearings. Post-Conviction Rule 1(9)(b) provides, in part,

Petitioners who are indigent and proceeding in forma pauperis shall be entitled to production of guilty plea and sentencing transcripts at public expense, prior to a hearing, *if the petition is not dismissed*. In addition, such petitioners shall also be entitled to a record of the post-conviction proceeding at public expense for appeal of the denial or dismissal of the petition.

Here, the post-conviction court dismissed Underwood's petition on June 11, 2015. Underwood did not file a motion in the post-conviction court requesting transcripts of his guilty plea and sentencing hearings until July 8, 2015. Because Underwood's petition had already been dismissed prior to his request for transcripts, the post-conviction court did not err in denying his request.

# IV. Verified Petition as Evidence

[15] Underwood contends the post-conviction court erred in not considering his verified petition for post-conviction relief as evidence. In support of his contention, Underwood cites to *State v. Cleland*, 477 N.E.2d 537 (Ind. 1985), for the proposition a verified petition for post-conviction relief should be considered as evidence. In *Cleland*, Cleland filed verified petitions for post-conviction relief in three traffic cases in which he had pleaded guilty. At the evidentiary hearing, the three petitions were the only pieces of evidence presented by either Cleland or the State. The post-conviction court granted Cleland's petitions, and the State appealed. On transfer, the State argued the verified petitions were merely pleadings and therefore did not constitute competent evidence because they were not admitted into evidence. However, our supreme court concluded the verified petitions acted as affidavits, reasoning, "[A]s the petitions were verified, absent a timely objection by the State and under the circumstances of this case, the court could properly consider them as evidence." *Id*. at 538. In *State v. Sanders*, 596 N.E.2d 225, 227 (Ind. 1992), *cert. denied*, 507 U.S. 960 (1993), our supreme court sharply limited *Cleland*'s holding, stating, "[T]he better reasoned rule of law is . . . a plaintiff

cannot maintain his position by pleading under oath and then resting on that pleading." (Citation and internal quotation marks omitted).

[16] Here, Underwood filed a verified petition for post-conviction relief, and the State filed an answer alleging Underwood was not entitled to relief. On June 11, 2015, the post-conviction court dismissed the petition. Prior to the dismissal, Underwood did not request his verified petition be treated as an affidavit, Underwood did not submit affidavits in support of his petition, and the post-conviction court did not hold an evidentiary hearing. We conclude the circumstances before us are entirely distinguishable from those found in *Cleland*. Therefore, Underwood's attempt to rely solely on his verified petition fails. *See id*. Accordingly, the post-conviction court did not err in not considering his petition for post-conviction relief as evidence.

## V. Underwood's Motions

[17] Underwood contends the post-conviction court erred, in some fashion, in failing to address multiple motions or petitions he filed in either the trial court or the post-conviction court.

[18] First, nearly seventeen months after the trial court sentenced him, Underwood filed a Motion to Compel in the trial court on May 24, 2013.[4] On June 7, 2013, the trial court denied his motion. Then, on August 30, 2013, Underwood

---

[4] It is unclear from the record what the motion was regarding.

filed in the trial court a Petition for Verified Copy of Record of Proceedings requesting his sentencing transcripts. *See supra* note 2; *see also* Appellant's Br. at 18 (noting this petition was a request for sentencing transcripts). On September 6, 2013, the trial court denied his petition. In confusing fashion, it appears Underwood now argues the post-conviction court erred in not addressing his Motion to Compel or Petition for Verified Copy of Record of Proceedings despite Underwood not filing his petition for post-conviction relief until December 8, 2014. Although we conclude the post-conviction court did not err in this regard for a number of reasons, we note Underwood never filed these documents in the post-conviction court and therefore the post-conviction court could not have erred in failing to address them.

[19] Second, Underwood claims he filed a petition with the post-conviction court on February 9, 2015, requesting his sentencing transcripts. However, we are unable to locate the petition in the record and the Chronological Case Summary does not indicate Underwood filed such a motion until July 8, 2015, which we addressed above in Part.III. *See Chambers v. State*, 551 N.E.2d 1154, 1158 (Ind. Ct. App. 1990) ("On appeal, we can consider only those matters which are contained in the record of proceedings submitted to the court."). Therefore, we cannot agree the post-conviction court erred in this regard.

[20] Third, Underwood claims the post-conviction court failed to rule on his requests to proceed in forma pauperis. Although Underwood does not cite to any portions of the record containing any of his motions to proceed in forma pauperis, *see id.*, nor does he cite to any authority supporting his claim of error,

*see* Ind. Appellate Rule 46(A)(8)(a), we note (1) the post-conviction court denied one request to proceed in forma pauperis as moot, and (2) after the post-conviction court dismissed Underwood's petition, it *granted* his request to proceed in forma pauperis. Therefore, the post-conviction court did not err in this regard.

[21] Finally, on January 8, 2015, the post-conviction court ordered Underwood to submit his case by affidavit by April 8, 2015. Underwood claims he filed, from prison, a Request to Compel Affidavits and/or Enlargement of Time on March 26, 2015, but the post-conviction court did not rule on it. The Chronological Case Summary does not note the motion was filed with the post-conviction court, but Underwood has included the motion in the Appellant's Appendix. The motion, however, does not include a date, a filing stamp, or a certificate of service.[5] Therefore, the record does not indicate Underwood filed the motion, and we cannot conclude the post-conviction court erred in failing to rule on a motion that was never filed.[6]

---

[5] In support of his contention he at least sent his motion to the post-conviction court, Underwood has included in the Appellant's Appendix a mail log purporting to show the document was sent from the prison on March 26, 2015. In addition, Underwood has included a document, purportedly signed by the law library supervisor at the prison, stating the mail log is "used at Westville Correctional Facility to track when offenders have mailed out legal work to the courts." Appellant's App. at 154. Generally, when a prisoner claims to have timely filed a motion, Indiana courts require a pro se prisoner to provide reasonable, legitimate, and verifiable documentation to support such a claim. *Dowell v. State*, 922 N.E.2d 605, 607 (Ind. 2010). The copy of the mail log and the letter from the law librarian are not verified. *See id.* at 607-09. Therefore, we reject Underwood's argument.

[6] In a separate argument, Underwood attempts to argue his motion to compel affidavits was actually a request for the post-conviction court to issue subpoenas pursuant to Post-Conviction Rule 1(9)(b) and therefore the post-conviction erred in failing to issue subpoenas. Post-Conviction Rule 1(9)(b) states a pro se petitioner may request the post-conviction court issue "subpoenas for witnesses at an evidentiary hearing."

# VI.  Change of Judge

[22]    Lastly, Underwood contends the post-conviction court erred in denying his request for change of judge.  Post-Conviction Rule 1(4)(b) provides,

> Within ten [10] days of filing a petition for post-conviction relief under this rule, the petitioner may request a change of judge by filing an affidavit that the judge has a personal bias or prejudice against the petitioner.  The petitioner's affidavit shall state the facts and the reasons for the belief that such bias or prejudice exists, and shall be accompanied by a certificate from the attorney of record that the attorney in good faith believes that the historical facts recited in the affidavit are true.  A change of judge shall be granted if the historical facts recited in the affidavit support a rational inference of bias or prejudice.  For good cause shown, the petitioner may be permitted to file the affidavit after the ten [10] day period.

When a petitioner requests a change of judge, such change is neither "automatic" nor "discretionary."  *Lambert v. State*, 743 N.E.2d 719, 728 (Ind. 2001) (citation omitted), *cert. denied*, 534 U.S. 1136 (2002).  We review a post-conviction court's decision to deny a motion for change of judge under a clearly erroneous standard.  *Azania v. State*, 778 N.E.2d 1253, 1261 (Ind. 2002).  A decision is clearly erroneous if our review "leaves us with a definite and firm conviction that a mistake has been made."  *Sturgeon v. State*, 719 N.E.2d 1173, 1182 (Ind. 1999).  We presume a judge is not prejudiced against a party.

---

Here, at no point did the post-conviction court schedule an evidentiary hearing and therefore such a request was irrelevant.

*Lambert,* 743 N.E.2d at 728. To require a change of judge, a judge's bias must be personal. *Id.* Personal bias "stems from an extrajudicial source—meaning a source separate from the evidence and argument presented at the proceedings." *Id.* Adverse rulings on judicial matters do not indicate a personal bias that calls the trial court's impartiality into question. *Harrison v. State,* 707 N.E.2d 767, 790 (Ind. 1999), *cert. denied,* 529 U.S. 1088 (2000).

[23] Here, Underwood filed his motion for change of judge on the same day he filed his petition for post-conviction relief. The motion alleged change of judge was necessary because (1) the judge had a personal relationship with Underwood's trial counsel, (2) Underwood intended on calling the judge to testify as to Underwood's claims of ineffective assistance of counsel during trial, and (3) the judge made previously adverse rulings. However, Underwood did not state with any specificity how the judge's relationship with trial counsel would impact his case or how the judge's removal, for the purpose of testifying, was necessary to protect him from suffering an unfair and impartial hearing. Without more, these allegations merely amount to Underwood's own self-serving belief the judge was personally biased and needed to be removed. In addition, the fact the judge made previous adverse rulings on judicial matters does not indicate any personal bias towards Underwood. *See Harrison*, 707 N.E.2d at 790. We conclude the post-conviction court did not err in denying Underwood's motion for change of judge.

# Conclusion

The post-conviction court properly exercised it discretion in ordering Underwood to submit his case by affidavit. Underwood did not do so. We conclude the post-conviction court did not err in dismissing Underwood's petition for post-conviction relief. Accordingly, we affirm.

Affirmed.

Najam, J., and Crone, J., concur.