## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision is not binding precedent for any court and may be cited only for persuasive value or to establish res judicata, collateral estoppel, or law of the case.

 

FILED

Sep 12 2025, 9:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

Dexter O. Goodwin II,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*

---

September 12, 2025

Court of Appeals Case No.
24A-CR-2979

Appeal from the Marion Superior Court

The Honorable Marshelle Broadwell, Judge

Trial Court Cause No.
49D07-2307-F3-020924

---

**Memorandum Decision by Judge Felix**
Judges Vaidik and Tavitas concur.

**Felix, Judge.**

## Statement of the Case

Dexter Goodwin II struck M.W., his girlfriend's 13-year-old daughter, in the mouth, causing her to lose several teeth. A trial court convicted Goodwin of battery with serious bodily injury. Goodwin now appeals, raising one issue for our review: Whether the State presented sufficient evidence at trial to support his conviction.

We affirm.

## Facts and Procedural History

In July 2023, when M.W. was 13 years old, she lived with her mother, her siblings, and Goodwin in Marion County, Indiana. On July 22, Goodwin argued with M.W. outside the home about M.W. sleeping in Goodwin's car the night before. After Goodwin told M.W. to go inside the house, she did but then "went back outside." Tr. Vol. II at 106. When M.W. refused to stay inside, Goodwin "papped" her on the arm a "couple times." State's Ex. 1 at 04:37–04:40. Goodwin then picked up M.W. in a "bear hug" and carried her to her room as M.W. yelled insulting and demeaning comments at him. Tr. Vol. II at 169. In her room, a series of events occurred that led to charges being filed against Goodwin. Without dispute, inside M.W.'s room, M.W. suffered the loss of multiple teeth. Thereafter, Goodwin left the house after yelling at everyone and punching walls. Next, M.W. ran out of the home to a nearby store to call her grandmother who then called for an ambulance. Law

enforcement officers were dispatched and arrested Goodwin shortly thereafter. After his arrest, Goodwin made the following statement when asked what happened with M.W.:

> I told her to go to her room. She didn't go to her room. So when I picked her up to take her to her room, she grabbed my hair, we fell over, and my arm landed in her mouth. I got sh[*]tty, told everybody in the house I hated them, I punched holes in the walls, and then I left. I freaked out and I left.

State's Ex. 1 at 05:06–05:28.

[4] The State charged Goodwin with one count each of aggravated battery as a Level 3 felony[1] (the "Aggravated Battery Count") and battery causing serious bodily injury as a Level 3 felony[2] (the "Battery Count"). At Goodwin's bench trial, Goodwin and M.W. testified that M.W.'s missing teeth were the result of an accidental fall. Nevertheless, the trial court found Goodwin guilty as charged. The trial court then vacated Goodwin's conviction on the Aggravated Battery Count due to double jeopardy concerns. The trial court sentenced Goodwin on the Battery Count to five years of incarceration and three years of community corrections. This appeal ensued.

---

[1] Ind. Code § 35-42-2-1.5(2).

[2] I.C. § 35-42-2-1(c)(1), (j).

## Discussion and Decision

### The State Presented Sufficient Evidence to Support Goodwin's Battery Conviction

Goodwin argues that the State presented insufficient evidence at trial to support his conviction on the Battery Count. Our standard of review for such a claim is as follows:

> "A conviction is supported by sufficient evidence if 'there is substantial evidence of probative value supporting each element of the offense such that a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt.'" *Hancz-Barron v. State*, 235 N.E.3d 1237, 1244 (Ind. 2024) (quoting *Willis v. State*, 27 N.E.3d 1065, 1066 (Ind. 2015)). This Court reviews only the evidence most favorable to the verdict and the reasonable inferences therefrom, and will reverse only where it is shown that "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Teising* [*v. State*], 226 N.E.3d [780,] 783 [(Ind. 2024)].

*Konkle v. State*, 253 N.E.3d 1068, 1090–91 (Ind. 2025). We do not reweigh the evidence or reassess witness credibility. *Id.* at 1090 (quoting *Teising*, 226 N.E.3d at 783).

Additionally, "[w]hen, as here, the court conducts a bench trial, we presume the trial court knows and properly applies the law and considers only evidence properly before the court as the court reaches a decision." *Brown v. State*, 222 N.E.3d 362, 371 (Ind. Ct. App. 2023) (citing *Conley v. State*, 972 N.E.2d 864, 873 (Ind. 2012)), *reh'g denied* (Jan. 2, 2024), *trans. denied*, 232 N.E.3d 642 (Ind. 2024). "A conviction may be supported by circumstantial evidence alone, and

that evidence need not 'overcome every reasonable hypothesis of innocence.'" *Albrecht v. State*, 185 N.E.3d 412, 421 (Ind. Ct. App. 2022) (quoting McCoy v. State, 153 N.E.3d 363, 366–67 (Ind. Ct. App. 2020)). "It is sufficient if an inference drawn from the circumstantial evidence reasonably tends to support the conviction." *Peters v. State*, 959 N.E.2d 347, 355 (Ind. Ct. App. 2011).

[7] In order to convict Goodwin on the Battery Count, the State had to prove beyond a reasonable doubt that Goodwin was at least 18 years old when he knowingly touched M.W., who was less than 14 years old, in a "rude, insolent, or angry manner" that resulted "in serious bodily injury" to M.W. Ind. Code § 35-42-2-1(c)(1), (j); *see* Appellant's App. Vol. II at 32. "Reasonable doubt is a doubt which arises from the evidence, the lack of evidence, or a conflict in the evidence." *Kien v. State*, 782 N.E.2d 398, 407 (Ind. Ct. App. 2003) (citing *Chambers v. State*, 551 N.E.2d 1154, 1156 (Ind. Ct. App. 1990)). "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." I.C. § 35-41-2-2(b).

[8] Goodwin argues that the State failed to present sufficient evidence to prove the "requisite mens rea" because the trial testimony was that M.W.'s "injuries, the lost teeth, resulted from an accidental fall and not a punch in the face." Appellant's Br. at 10. This is a clear request to reweigh the evidence and reassess witness credibility, which we will not do, *see Teising*, 226 N.E.3d at 783. The trial court heard this testimony but still found the State proved beyond a reasonable doubt that Goodwin committed the charged offenses. "[W]hen the

evidence presents a close call like this, our analysis turns on the standard of review." *Russell v. State*, 234 N.E.3d 829, 844 (Ind. Ct. App. 2024).

[9] Here, the probative evidence supporting the verdict shows that (1) Goodwin and M.W. were arguing; (2) Goodwin hit M.W. on the arm; (3) Goodwin lifted M.W. up and took her to her room; (4) M.W. had bruises on her arms; (5) M.W. lost several teeth; (6) Goodwin had bruising on his knuckles; (7) M.W. ran out of the house after the encounter; (8) Goodwin was angry, yelled that he hated everybody in the house, and punched walls; and (9) Goodwin left the home. The trial court was free to disbelieve claims that the injury was caused accidentally. With the admissible evidence that was presented, it was not unreasonable to infer Goodwin intentionally touched M.W. in a rude, insolent, or angry manner that resulted in serious bodily injury. Therefore, we cannot say the State failed to present sufficient evidence to support Goodwin's conviction on the Battery Count. We therefore affirm Goodwin's conviction.

[10] Affirmed.

Vaidik, J., and Tavitas, J., concur.

ATTORNEY FOR APPELLANT

Cynthia M. Carter
Law Office of Cynthia M. Carter, LLC
Indianapolis, Indiana


ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General

Steven J. Hosler
Deputy Attorney General
Indianapolis, Indiana